UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAELONI DALE MARKS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1701-EFB<br><br><br><br>ORDER |

Plaintiff's counsel moves for an award of attorney's fees under 42 U.S.C. § 406(b). ECF No. 22. Plaintiff entered into a retainer agreement with his attorney which provides that he would pay counsel the lesser of 25 percent of any award of past-due benefits resulting from the appeal in this case, or $6,000. ECF No. 20-1. Counsel now seeks an award of $6,000, but has not shown whether that amount exceeds exceed 25 percent of past due benefits.

42 U.S.C. § 406 contains two subsections authorizing an award of attorney's fees for counsel who successfully represents a Social Security claimant. "Section 406(a) grants the Social Security Administration exclusive jurisdiction to award fees for representation of a Social Security Claimant in proceedings before the Administration. Similarly, § 406(b) grants federal courts exclusive jurisdiction to award attorney's fees for representation of the claimant in court." *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008).

/////

1

Here, the relevant portion of Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).[1]

Thus, this court may only award counsel's request for $6,000 in fees if that amount does not exceed 25 percent of the past-due benefits awarded to plaintiff. Counsel, however, has not submitted any evidence establishing the amount of past-due benefits plaintiff was awarded. In fact, counsel has not even demonstrated that on remand the Commissioner found that plaintiff was entitled to disability benefits. Consequently, he has failed to demonstrate his entitlement to fees under § 406(b). Accordingly, the motion for attorney's fees is denied without prejudice to renewal upon submission of a properly-supported motion for attorney's fees.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 22) is denied without prejudice to renewal; and

2. Should plaintiff's counsel choose to re-file his motion for attorney fees, that motion shall be filed within 30 days of this order.

DATED: March 21, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] 42 U.S.C. § 406(a) provides two ways in which counsel may obtain a fee award for work performed at the administrative level. First, counsel may request that the Commissioner award a "reasonable fee" for the rendered services. 42 U.S.C. § 406(a)(1). Second, in cases where past due benefits are awarded, the Commissioner will award attorney's fees where: (1) the fee agreement is submitted prior to the Commissioner's determination, (2) the fee specified in the agreement does not exceed the lesser of 25 percent of past-due benefits or $6,000, and (3) the Commissioner's determination is favorable to the claimant. 42 U.S.C. § 406(a)(2)(A); 74 Fed.Reg. 6080-02 (Feb. 4, 2009) (increasing maximum award under § 406(a)(2) from $4,000 to $6,000).