UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KAELONI DALE MARKS, | No. 2:16-cv-1701-EFB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel has filed a renewed motion for an award of attorney's fees under 42 U.S.C. § 406(b).[1] ECF No. 26. Plaintiff entered into a retainer agreement with his attorney which provides that he would pay counsel the lesser of 25 percent of any award of past-due benefits resulting from the appeal in this case, or $6,000. ECF No. 26-1. Counsel now seeks an award of attorney's fees in the amount of $6,000. *See* ECF No. 27-2. Counsel spent 47 professional hours on plaintiff's case. ECF No. 26 at 3.

/////

/////

/////

---

[1] Counsel's original motion failed to demonstrate his entitlement to attorney's fees and, consequently, it was denied without prejudice to renewal. ECF No. 25.

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After this court remanded for further proceedings, plaintiff was found disabled and awarded past-due benefits in the amount of $47,370. ECF Nos. 27-1 & 27-2. Counsel's request for $6,000, which is less than the statutory maximum, would constitute an hourly rate of $127.66. This rate is clearly reasonable given the risk of loss taken in representing plaintiff and the results achieved in this case. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00); *Mondello v. Astrue*, No. Civ S-04-973 DAD, 2009 WL 636542, at *2 (E.D. Cal. March 11, 2009) (awarding fees that represented a rate of approximately $801.00 per hour); *see also De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26).

/////

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's renewed motion for attorney's fees (ECF No. 26) is granted; and

2. Plaintiff's counsel is awarded $6,000 in fees pursuant to 42 U.S.C. § 406(b).[2]

DATED: November 19, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because counsel did not seek fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), the award is not subject to offset. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).